UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



DAVID STEINMETZ,

      Plaintiff,

v.

LILIANA CABRERA, ANTHONY ANNUCCI, STEWART ECKERT, J. VENNDETTI, MEGAN M. MACTAVISH, L. LASCU Psycoligist SOCTP, LENA RUSSI,

      Defendants.

17-CV-1000
ORDER

The pro se plaintiff, David Steinmetz, a prisoner confined at the Wende Correctional Facility, seeks relief under 42 U.S.C. § 1983. Docket Item 1. He has requested permission to proceed *in forma pauperis*, Docket Item 2, as well as assignment of counsel and injunctive relief, Docket Items 3, 4 and 5.

Steinmetz alleges that he has been required to engage in sex-offender counseling even though the crime for which he is currently incarcerated (failure to register as a sex offender) is not itself a sex offense. He further alleges that the state policy requiring him to waive confidentiality while engaging in such counseling, on pain of being denied good time credits, violates his constitutional rights because such a waiver effectively subjects him to civil confinement.

Because Steinmetz meets the requirements to proceed *in forma pauperis*, his motion is granted and the Court has screened the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons explained below, some of his claims

are dismissed for failure to state a claim on which relief may be granted but others may proceed.

## DISCUSSION

If a court grants a plaintiff who is a prisoner permission to proceed *in forma pauperis*, Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the court to conduct an initial screening of the complaint. In evaluating the complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

The plaintiff brings this action under 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a

right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

## I. THE ALLEGATIONS

Steinmetz raises two claims concerning the requirement that he participate in sex offender counseling while serving his sentence for failing to register as a sex offender. First, he seeks injunctive relief based on his claim that he wrongfully is being forced to participate on pain of being denied good time credits and "would be denied parole of any kind of release and would end up maxing out" if he does not participate. Docket Item 1 at 10. In addition, he alleges that he has been required to sign a waiver of confidentiality that would permit statements he makes in counseling to be used against him in a future attempt to subject him to civil confinement. *Id.* at 12. Thus, Steinmetz reasons, to avoid additional time in prison, he must make statements that could be used against him in a future action to civilly confine him. Steinmetz raises these claims as violations of his rights under the Fifth and Eighth Amendments as well as his right to substantive due process. *Id.* at 13. Second, Steinmetz argues that because his current conviction is for failure to register and not for a sex offense per se, he cannot be required to engage in sex-offender counseling. He therefore seeks an injunction precluding the counseling requirement. Docket Item 3 at 2.

At this early state of the proceeding, Steinmetz's first claim is sufficient to proceed—but only against defendants Anthony Annucci and Stewart Eckert. *See Pratt v. Hogan*, 6:08-CV-1003, 2009 WL 87587, at *4 (N.D.N.Y. Jan. 9, 2009) (denying injunctive relief but directing service regarding the plaintiff's claim that he was

3

threatened with incarceration to compel him to make statements that could be used in civil confinement proceedings, in violation of his Fifth Amendment rights); *see also Pratt v. Hogan*, 631 F. Supp.2d 192 (N.D.N.Y. 2009) (granting summary judgment on qualified immunity grounds); *Edwards v. Goord*, 362 F. App'x 195, 199 (2d Cir. 2010) ("All that can be said of *McKune*, then, is that a majority of the justices agreed that the Fifth Amendment privilege against compelled self-incrimination was not violated when prisoners faced less restrictive sanctions than [denial of good time credits] as a consequence of refusing to participate in sex offender counseling.") (citing *McKune v. Lile*, 536 U.S. 24 (2002)) (summary order).

While Steinmetz names all the defendants in this claim, the relief he seeks is a change in the policy of the Department of Corrections and Community Supervision. The proper defendants are therefore only Acting Commissioner Annucci and Superintendent Eckert. *See Supreme Ct. of Va v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 736 (1980) (superseded by 1996 amendments to § 1983 as to judicial defendants) ("As already indicated, § 54-74 gives the Virginia Court independent authority of its own to initiate proceedings against attorneys. For this reason the Virginia Court and its members were proper defendants in a suit for declaratory and injunctive relief, just as other enforcement officers and agencies were."); *see also Hall v. Marshall*, 479 F. Supp. 2d 304, 319 (E.D.N.Y. 2007) ("Like the State and DOCS, DCJS itself is shielded by the Eleventh Amendment; however, under *Dube*, Hall could seek injunctive relief against its officers. Since Hall alleges that DCJS has the authority to correct his rap sheet, the Court will allow Hall to add O'Donnell, DCJS's Acting Commissioner, in her official capacity, so that he may pursue a claim for injunctive relief regarding his rap sheet

against her."). Therefore the claim may proceed against Annucci and Eckert but is dismissed against all other defendants.

Steinmetz's second claim, on the other hand, is dismissed with prejudice. In that claim, he contends that requiring him to undergo sex offender counseling violates his rights under the Fifth, Eighth, and Fourteenth Amendments because his current crime of conviction is not a sex offense. But sex-offender treatment is not necessarily limited to only those prisoners who are incarcerated for a sex offense. Indeed, sex-offender counseling may be appropriately mandated even when based on conduct that resulted in an acquittal at trial. *Vega v. Lantz*, 596, F. 3d 77 (2d Cir. 2010) (approving sex-offender treatment based on acquitted conduct, reversing summary judgement in favor of the plaintiff, and directing judgment in favor of the defendants). An inmate's entire history is fair game when determining the inmate's counseling needs, and there is no constitutional infirmity in directing sex-offender counseling based on a prior criminal history of sex offenses. *See generally, United States v. Dupes*, 513 F. 3d 338 (2d Cir. 2008) (approving sex-offender treatment, based on the defendant's prior sex offense, as part of a sentence for securities fraud); *United States v. Zielinski*, 511 F. App'x 112, 115 (2d Cir. 2013) ("We have held that sex offender conditions of supervised release may be reasonably related to a defendant's history and characteristics even though the instant offense was not a sex offense.") (summary order).

Steinmetz's claim that he cannot be required to undergo sex offender counseling therefore is dismissed with prejudice because it fails to state a claim on which relief may be granted. Moreover, leave to amend is denied because any attempt to amend the complaint regarding this claim would be futile. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d

99, 112 (2d Cir. 2000) (An opportunity to replead should be denied as futile where "the problem with plaintiff's causes of action is substantive such that better pleading will not cure it.") (citation and alterations omitted). And because this claim is dismissed, the plaintiff's letter motion for preliminary injunctive relief as to this claim, Docket Item 4, is denied as moot.

## II. REQUEST FOR A TEMPORARY RESTRAINING ORDER

The plaintiff also has moved for a temporary restraining order, Docket Item 5, precluding the requirement that he proceed with counseling and sign a waiver permitting the use of statements made during treatment to be used against him in a civil commitment proceeding should such a proceeding be brought against him. See Fed. R. Civ. P. 65 (Docket Item 4).

> The court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed R. Civ. P. 65(b)(1). "Where the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008); see also *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996).

Steinmetz's papers do not meet this rigorous standard. For example, he has not shown a likelihood of success on the merits. *Metro. Taxicab Bd. of Trade v. City of New*

6

York, 615 F.3d 152, 156 (2d Cir. 2010). Moreover, the threatened injury—use of statements that Steinmetz makes in any later civil commitment proceeding—can effectively be avoided by exclusion of the statement in the proceeding, and the threatened injury therefore is not irreparable. Therefore, the plaintiff's request for a temporary restraining order is denied.

## III. ASSIGNMENT OF COUNSEL

Steinmetz also has asked that counsel be appointed to assist him. Docket Items 3 and 4. In deciding whether to appoint counsel for an indigent plaintiff, a court must first determine whether the plaintiff's position seems likely to be of substance; if the claim meets this threshold requirement, the court then should consider a number of other factors in making its determination. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). This action was commenced only recently. Indeed, the defendants have not yet responded to the allegations included in the complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of the complaint alleging the facts that the plaintiff believes support his claim. At this stage, the Court lacks sufficient information to consider the factors set forth in *Hodge*. Steinmetz's request for appointment of counsel therefore is denied without prejudice as premature.

## CONCLUSION

Because the plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization, his request to proceed *in forma pauperis* is granted. For the reasons stated above, the plaintiff's second claim—that he is

improperly required to engage in sex-offender counseling even though his crime of conviction is not a sex offense—is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim on which relief may be granted. But his claims seeking injunctive relief regarding the waiver of confidentiality may proceed against defendants Annucci and Eckert.

## ORDER

IT IS HEREBY ORDERED that the plaintiff's motion to proceed *in forma pauperis* is granted; and it is further

ORDERED that the plaintiff's motions for appointment of counsel are denied without prejudice as premature; and it is further

ORDERED that the plaintiff's claims that he was improperly required to engage in sex-offender treatment are dismissed with prejudice; and it is further

ORDERED that the Clerk of Court shall terminate this action insofar as it names Liliana Cabrera, J. Venndetti, Megan M. MacTavish, L. Lascu, and Lena Russi as defendants; and it is further

ORDERED that the plaintiff's request for preliminary injunctive relief, Docket Item 5, is denied and the plaintiff's request to expedite the determination of that motion, Docket Item 6, is denied as moot; and it is further

ORDERED that the Clerk of Court should cause the United States Marshal Service to serve copies of the summons, complaint and this order upon defendants Annucci and Eckert without the plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by a monetary award in the plaintiff's favor; and it is further

ORDERED that under 42 U.S.C. § 1997e(g), the remaining defendants are directed to respond to the complaint.

SO ORDERED.

Dated: January 30, 2018
Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE