UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————

DAVID STEINMETZ,

**REPORT,**
**RECOMMENDATION, and**
**ORDER**

                         Plaintiff,

                                              17-CV-01000-LJV-JJM

v.

ANTHONY ANNUCCI, *et al*.,

                         Defendants.
———————————————————————

        Plaintiff, an inmate in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"), commenced this 42 U.S.C. §1983 action

*pro se*, arising from the requirement that he participate in the Sex Offender Counseling and

Treatment Program ("SOCTP"). Complaint [1].[1]  Before the court are plaintiff's motions for a

preliminary injunction [8], to expedite the determination of that motion [9], and motion for a

default judgment against defendants [10], as well as defendants' cross-motion for judgment on

the pleading pursuant to Fed. R. Civ. P. ("Rule") 12(c) [22], which have been referred to me by

District Judge Lawrence J. Vilardo for initial consideration [15] and were orally argued on June

12, 2018 [28].

        Having reviewed the parties' submissions [8, 9, 10, 12, 22, 26], I recommend that

defendants' cross-motion be granted, and that plaintiff's motions for injunctive relief and a

default judgment be denied; and I further order that plaintiff's motion to expedite is denied.

———————————————

[1]        Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page
references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

**BACKGROUND**

The *pro se* Complaint asserts two claims. In conducting the mandatory screening required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, *et seq*., Judge Vilardo dismissed, with prejudice, plaintiff's second claim, alleging that he cannot be required to engage in sex-offender counseling because his current conviction is not a qualifying offense. Steinmetz v. Cabrera, 2018 WL 671282, *2 (W.D.N.Y. 2018). However, he permitted plaintiff's first claim to proceed. Id. As interpreted by Judge Vilardo, that claim seeks injunctive relief against defendants Anthony Annucci and Stewart Eckert based on the allegations that plaintiff: 1) "wrongfully is being forced to participate [in the SOCTP] on pain of being denied good time credits and 'would be denied parole of any kind of release and would end up maxing out' if he does not participate"; and 2) "has been required to sign a waiver of confidentiality that would permit statements he makes in counseling to be used against him in a future attempt to subject him to civil confinement". Id., *1.

Shortly after filing his Complaint, plaintiff moved for a temporary restraining order and preliminary injunction to preclude the requirement that he participate in the SOCTP and sign a waiver permitting the use of statements made during that treatment to be used against him in a civil commitment proceeding [5]. That motion was denied by Judge Vilardo. January 30, 2018 Order [7], pp. 6-7.

Since that time, plaintiff has incurred the loss of his good-time credits for not participating in the SOCTP. Plaintiff's Affirmation [8-1], p. 2 of 5 (CM/ECF), ¶2(a). His current motion for a temporary restraining order and preliminary injunction seeks the restoration of those good time credits and removal of the SOCTP requirement from plaintiff's list of required programs. Notice of Motion [8], p. 1 of 4 (CM/ECF). In response to that motion and in

support of their motion to dismiss, defendants argue that plaintiff's claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (defendants' Memorandum of Law [22-1], p. 2), that plaintiff has no liberty interest in the good time credits that were rescinded (<u>id</u>., pp. 2-3), that the SOCTP's waiver of confidentiality does not violate plaintiff's Fifth Amendment rights (<u>id</u>., pp. 3-9), and that plaintiff was previously participating in the SOCTP and was dismissed for reasons unrelated to his concerns regarding the waiver of confidentiality. <u>Id</u>., pp. 9-11.


**ANALYSIS**

**A.    Plaintiff's Motion for Injunctive Relief and Defendants' Cross-Motion to Dismiss**

**1.    Legal Standard**

"The standard for either a temporary restraining order or preliminary injunction is well established in this Circuit: The plaintiff must show 1) irreparable harm and 2) either (a) the likelihood of success on the merits or (b) the existence of sufficiently serious questions on the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the plaintiff." <u>Jeanpierre v. Doorley</u>, 2016 WL 6805081, *3 (W.D.N.Y. 2016) (Vilardo, J.). Equally well established is the standard for a motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id</u>.

2.      **Does Judge Vilardo's Screening Order Prohibit Consideration of Defendants' Dismissal Motion?**

In opposing defendants' motion to dismiss, plaintiff argues that if his first claim failed to state a claim for relief as defendants argue, Judge Vilardo "would [have] dismissed it" in his screening Order.  Plaintiff's response [26], p. 6 of 11 (CM/ECF).   The PLRA requires district courts to "screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, among other things, the complaint . . . 'fails to state[ ] a claim upon which relief may be granted.'" <u>Liner v. Goord</u>, 196 F.3d 132, 134 (2d Cir. 1999) (*quoting* 28 U.S.C. § 1915A (b)(1)).  That standard is "the same standard as a motion to dismiss brought under Rule 12(b)(6)". <u>Preston v. New York</u>, 223 F. Supp. 2d 452, 462 (S.D.N.Y. 2002), <u>aff'd</u>, 87 Fed. App'x 221 (2d Cir. 2004).

It is true that "Rule 12(b)(6) motions filed by defendants after the court has conducted the screening required by the PLRA are generally a waste of time because the court has already reviewed the pleading at issue and determined that it withstands scrutiny under Rule 12(b)(6) standards."  <u>Taylor v. Hillis</u>,  2011 WL 6341090, *2 (W.D. Mich.), <u>adopted</u>, 2011 WL 6370094 (W.D. Mich. 2011). However, "neither section 1915 nor the Federal Rules of Civil Procedure precludes defendants from thereafter filing (or the court from granting) a motion to dismiss. Section 1915 does not obligate the court to screen for every possible defect in a complaint, nor is the screening process infallible." <u>Harris v. Lappin</u>, 2009 WL 789756,  *3 (C.D. Cal. 2009). Moreover, at that the time of Judge Vilardo's initial screening, defendants did not

have an opportunity to address the Complaint.  Therefore, defendants' motion is not barred by Judge Vilardo's screening Order.

### 3.    Restoration of Good-Time Credits

Defendants argue that "[b]y seeking the grant of good time credits, Plaintiff is challenging the fact or duration of his confinement", and therefore this claim is not cognizable under 42 U.S.C. §1983.  Defendants' Memorandum of Law [22-1], p. 2.  It is well settled that "a prisoner in state custody cannot use a § 1983 action to challenge "the . . .  duration of his confinement".  Wilkinson v. Dotson, 544 U.S. 74, 78  (2005).  "Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks the very duration of  physical confinement . . . and thus lies at the core of habeas corpus".  Id. at 79; Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (prisoners may not challenge the  denial of good-time credits in a §1983 action because "[s]uch a challenge is just as close to the core of habeas corpus as an attack of the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration").

Here, plaintiff alleges that the restoration of his good time credits he seeks would result in his immediate release.  See Plaintiff's Affirmation [8-1], pp. 2-3 of 5 (CM/ECF), 2(b) ("the only thing at this point withholding the Plaintiff not being released on his conditional release date of 6/6/18 is the Goodtime Credit, that was withheld").  That claim is plainly not cognizable under §1983.

4.      **Removal of the SOCTP Requirement**

Plaintiff's motion (Notice of Motion [8], p. 1 of 4 (CM/ECF)) and his Complaint ([1], p. 165 of 64 (CM/ECF)) also seek to remove the SOCTP program from the list of his required programs because it "re-subjects [him] to self compelled incrimination and re-review under Arti[cle] 10 and re-subjects [him] to Civil confinement proceedings". Notice of Motion [8], p. 1 of 4 (CM/ECF). To the extent that relief can be considered separate from his request for the restoration of his good time credits and would be cognizable under §1983, the government argues that it fails, since exposure to civil commitment under Article 10 of New York's Mental Hygiene Law is not protected by the Fifth Amendment. Defendants' Memorandum of Law [22-1], pp. 3-4, 9. I agree.

"No Fifth Amendment right applies in this civil, sex offender commitment proceeding [pursuant to Mental Hygiene Law Article 10]". Matter of State of New York v. C.B., 23 Misc. 3d 1130(A) (Bronx Cty. Sup. Ct. 2009); Ughetto v. Acrish, 130 A.D.2d 12, 20 (2d Dept. 1987) ("[i]t is clear that facially the involuntary commitment proceedings under the Mental Hygiene Law are civil and not criminal in nature"). *See also* Allen v. Illinois, 478 U.S. 364, 375 (1986) (Illinois commitment proceedings "were not 'criminal' within the meaning of the Fifth Amendment . . . and that due process does not independently require application of the privilege").

In any event, defendants have represented that plaintiff "will not be subject to Article 10 review upon his release". Defendants' Memorandum of Law [22-1], p. 5. At oral argument, defendants' counsel repeated that plaintiff "can't be put into Article 10 review. It's not going to happen".[2] Defendants remain bound by those representations. *See* Link v. Wabash

---

[2]      This quotation is from review of the digital audio recording of the June 12, 2018 oral argument.

Railroad Co., 370 U.S. 626, 634 (1962) ("each party is deemed bound by the acts of his lawyer-agent"); Moore v. United States Postal Service, 369 Fed. App'x 712, 718 (6th Cir. 2010) ("[i]n our legal system, litigants are generally bound by the acts and representations of their attorneys"); Moore v. Consolidated Edison Co. of New York, 2007 WL 2728657, *4 n. 4 (S.D.N.Y. 2007) ("[i]f courts were unable to accept the representations of counsel in open court, every decision informed by such representations would be subject to a second bite where the client could maintain that her attorney was not authorized, if she did not like the result").

Therefore, I recommend that plaintiff's motion be denied,[3] and that the Complaint be dismissed.

### B.    Plaintiffs' Motion for a Default Judgment

At the May 11, 2018 proceeding, I stated that I would recommend that this motion be denied. This confirms my oral ruling.

Rule 55 "establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then . . . a motion for a default judgment is made to the district court judge." Gesualdi v. Interstate Fire Protection, Inc., 2018 WL 2437639, *2 (E.D.N.Y.), adopted, 2018 WL 2436964 (E.D.N.Y. 2018). Here, plaintiff did not complete the first step by obtaining entries of default against defendants, which "is a mandatory prerequisite for entry of a default judgment", and warrants denial of the motion. Brown v. Marshall, 2009 WL 1064189, *1 (W.D.N.Y. 2009).

In any event, there was no default. The United States Marshal mailed the Summons and Complaint to defendants on February 5, 2018, along with a form to allow each defendant to

---

[3]    Since I have recommended that plaintiff's motion for injunctive relief be denied, plaintiff's motion to expedite the determination of that motion [9] is denied as moot. See Steinmetz, 2018 WL 671282, at *4 (denying plaintiff's earlier motion to expedite on the same basis).

acknowledge service in accordance with Rule 4(d) [11].   On March 5, 2018, defendants returned

the acknowledgements of receipt of service to the Marshal. Id., pp. 2, 4 of 4 (CM/ECF).   Since the

acknowledgments of service were returned within 30 days, the Court's September 26, 2012

Standing Order (No. 104), afforded defendants 60 days to serve their Answer, which was timely

filed on May 3, 2018. *See* [11] (Clerk's Office entry stating that defendants' Answers due by May

7, 2018).   Therefore, I conclude that there was no default, and recommend that plaintiff's motion

be denied.

## CONCLUSION

For these reasons, I recommend that defendants' cross-motion to dismiss be

granted [22], and that plaintiff's motions for injunctive relief [8] and a default judgment

[10] be denied; and I further order that plaintiff's motion to expedite [9] is denied as moot.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation and

Order must be filed with the clerk of this court by July 16, 2018.   Any requests for extension of

this deadline must be made to Judge Vilardo.   A party who "fails to object timely . . . waives any

right to further judicial review of [this] decision".   Wesolek v. Canadair Ltd., 838 F. 2d 55, 58

(2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal

Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local

Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: June 28, 2018

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge